## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

MATTHEW DEAN )
PETTIGREW, )
      )
     Petitioner, )
      )
v. )           CV423-347
      )
TYRONE OLIVER, )
      )
     Respondent. )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously directed *pro se* Petitioner Matthew Dean
Pettigrew to show cause why his 28 U.S.C. § 2254 Petition, doc. 1, should
not be dismissed for his failure to respond to the Respondent's Motion to
Dismiss, doc. 10. *See* doc. 13. Pettigrew has responded to that Order,
after a fashion. *See* doc. 14. His response, at best, suggests a reason for
his failure to respond to the Motion. *See id.* ("Was released from
incarceration on December 19, 2023, and have been readjusting to
society. Thus, I did not receive anything until late."). The response does
not indicate any substantive opposition to the Motion to Dismiss, but

requests "the court please reconsider [his] case and help with providing additional counsel." *Id.*

The Court must first address Pettigrew's vague request for "additional counsel." Doc. 14 at 1. To the extent that request seeks legal advice, the Court can obviously not provide it. *See, e.g., Landry v. Davis*, 2009 WL 274242, at *4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a pro se litigant, just as they may not provide legal advice to a party represented by an attorney."). To the extent that Pettigrew's request seeks court-appointed counsel, he is not entitled to such an appointment. There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*,

819 F.2d 1025, 1028 (11th Cir. 1987)).  Moreover, it is well settled that
"[i]n a habeas corpus action in federal court[,] there is no requirement
that counsel be appointed unless appointment of counsel is necessary to
due process."  *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979)
(cites omitted).   The Court discerns no "exceptional circumstances"
warranting appointment of counsel, particularly, as explained below,
because Respondent's Motion to Dismiss the Petition should be granted.
Under either construction, then, Pettigrew's request for "additional
counsel" is **DENIED**.  Doc. 14.

Respondent moves to dismiss Pettigrew's Petition as untimely.  *See*
doc. 10; *see also* doc. 10-1 (brief).  Pettigrew seeks to vacate his June 14,
2021 conviction on four counts of child molestation in Effingham County,
Georgia.  *See* doc. 1 at 1; *see also* doc. 9-2.  He did not appeal his
conviction.  *See* doc. 10-1 at 4; *see also* doc. 1 at 2.[1]  Pettigrew filed a state

---

[1]  Pettigrew contends that he appealed his sentence, but he states that he appealed
it to "Effingham Co. Superior Court."  Doc. 1 at 2.  He does not provide the date upon
which any such "appeal" was filed.  *See id.*  He states that the "appeal" was
"dismissed," and that he sought further review by the Georgia Court of Appeals.  *See
id.* at 2-3.  Again, he does not provide any dates.  *Id.*  It is possible that the "appeal"
he refers to is the motion to appeal out of time filed on November 23, 2021.  *See* doc.
10-1 at 4.  However, the Respondent indicates that the trial court never ruled on that
motion.  *Id.*  Given that Pettigrew alleges that he sought review of the Superior
Court's "dismissal" of his appeal, it is not clear that the motion for out of time appeal
is the same as the "appeal" Pettigrew alleges.

3

habeas petition on August 11, 2022.[2]  *See* doc. 1 at 3; *see also* doc. 9-4.

Relief was denied and the Georgia Supreme Court denied his request for

a certificate of probable cause on November 7, 2023.  *See* doc. 1 at 3-4; *see*

*also* doc. 9-6.  Remittitur was entered on December 4, 2023.  Doc. 9-7.

The instant Petition was filed shortly thereafter.  *See* doc. 1 (received by

the Clerk on December 8, 2023), *see also* doc. 4 at 1 (undated signature

page).

Under the Anti-terrorism and Effective Death Penalty Act

("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are

subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  The

limitations period is calculated from "the date on which the judgment

became final by the conclusion of direct review or the expiration of time

for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  That clock is stopped

only by the pendency of a properly filed state collateral review

proceeding.  28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F.

App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236

at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks

---

[2]  The Court notes that Pettigrew's state habeas petition states that he did not appeal his conviction.  *See* doc. 9-4 at 2.

so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Respondent explains that, since Pettigrew did not file a notice of appeal, his conviction, filed on June 14, 2021, became final on July 14, 2021. Doc. 10-1 at 4 (citing O.C.G.A. § 5-6-38); *see also, e.g., Anaya v. Sec'y, Fla. Dept. of Corrs.*, 2021 WL 4704638, at *2 (11th Cir. Sept. 24, 2021). The deadline for him to file his federal petition ran out, therefore, on July 14, 2022.

His state habeas petition, filed on August 11, 2022, could not toll the one-year period, as there was no remaining period to be tolled.  Pettigrew's Motion seeking an out-of-time appeal does not affect the limitations period.  *See, e.g., Thurman v. McLaughlin*, 2016 WL 4546373, at *2 (M.D. Ga. Aug. 31, 2016) (holding "a motion for an out-of-time appeal under Georgia law does not qualify as an application for collateral review," under § 2244(d)(2)).

Pettigrew's Petition concedes, if only implicitly, that it is untimely. In response to the form petition's prompt concerning timeliness, he asserts that he "has not slept on his appeal rights as he has practiced 'reasonable diligence' and 'due diligence' in exhausting state remedies . . . ."  Doc. 1 at 13.  Respondent's Motion construes that statement as implicitly asserting an entitlement to equitable tolling.  *See* doc. 10-1 at 5-6.  "A petitioner is entitled to equitable tolling of the one-year period if he makes two showings: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing."  *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly."  *Cadet v.*

*Florida Dept. of Corrs.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (internal quotation marks and citation omitted). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. [Cit.] Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *see also, e.g., Vahlkamp v. Sec'y, DOC*, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022). Even crediting Pettigrew's conclusory assertion of his diligence, he does not point to any "extraordinary circumstance" that prevented his filing. He has, therefore, failed to establish his entitlement to equitable tolling. *See, e.g., Diaz v. Sec'y for Dept. of Corrs.*, 362 F.3d 698, 701 (11th Cir. 2004) ("[T]he petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." (citation omitted)).

Accordingly, the Respondent's Motion to Dismiss should be **GRANTED**. Doc. 10. Pettigrew's Petition should be **DISMISSED** as untimely. Doc. 1. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and

serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

8

be taken in good faith.  Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

      **SO ORDERED and REPORTED AND RECOMMENDED**, this

4th day of April, 2024.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia